JONES vs. THE AMERICUS, PRESTON AND LUMPKIN RAIL-
ROAD COMPANY.

In a summary proceeding before a justice of the peace, under §3445
of the code, the plaintiff could not recover damages from a rail-
road for killing his hogs, and in the same action, in addition to
damages of $30 for the killing, recover extra damages to the
amount of $30 on account of the failure of the employés of the rail-
road to report the killing of the hogs, as provided by §§3038, 3041
of the code; and on appeal by the railroad company to the supe-
rior court, the case was properly dismissed on the ground that the
justice of the peace had exceeded his jurisdiction in awarding $60
damages.

(a) This is a special summary proceeding, and the jurisdiction of the
justice is limited in amount to $30. The penalty for failure to
report is a separate and independent matter from the damage done
by killing the animals. Therefore, where stock is killed, and the
damage does not exceed $30, the owner may give notice and have
his damages assessed under the provisions of the code above cited;
and where the overseer or track-mender fails to report the killing
as required by law, the owner may proceed in the same manner, .
but in a separate proceeding and upon a different notice; and he
cannot consolidate the two, as was done in this case.

July 11, 1888,

Justice of the peace. Jurisdiction. Railroads. Before
Judge FORT. Webster superior court. October adjourned
term, 1887.

Reported in the decision. •

D. R. SHEPHERD and E. F. HINTON, by brief, for plaintiff.

B. P. HOLLIS and C. B. HUDSON, for defendant.

SIMMONS, Justice.

It appears from this record that the railroad company
had killed two hogs belonging to Jones, and that the em-
ployés of the company had failed to make a report thereof.
as required by law. Jones commenced a summary pro-
ceeding before a justice of the peace, alleging his damages

to be not exceeding $30, as provided in section 3045 of the code.    In addition to this, he alleged extra damage in the amount of $30, on account of the failure of the employés to report the killing of the hogs, as provided by sections 3038–3041 of the code.    The magistrate heard the testimony and awarded 'the sum of $60 damages.    The case was appealed by the railroad company to the superior court, as allowed by section 3046 of the code; and when the case was called for trial, it was dismissed by the court, on motion of the appellant, on the ground that the justice of the peace had exceeded his jurisdiction in awarding $60 damages.    Jones filed his bill of exceptions, alleging error in this ruling.

We think the court below was right in holding that the justice of the peace had exceeded his jurisdiction.    This was not an ordinary suit in a justice's court, as was contended by counsel for the plaintiff in error; but was a summary proceeding given by the statute to owners of stock to recover their damages in a summary manner. The law only requires four days' notice to be given to the railroad, which notice may be served upon any person connected with the railroad; and it specially restricts the amount of the claim and the jurisdiction of the justice of the peace to $30.    In this case, not only was the claim for damages for the killing of the hogs brought before the justice of the peace, but in conjunction therewith and embraced in the same notice, were the damages prescribed in sections 3040–3041, as a penalty for the failure by the employés of the company to report the killing of the hogs.

We do not think the two claims can be joined together in the same notice; (1) because, as already said, the justice of the peace is limited in his jurisdiction in such cases to the amount of $30; and (2) because the penalty is a separate and independent matter.    The statute prescribes that the overseer or track-mender shall first be liable; and in case such overseer or track-mender is insolvent, the railroad company shall be liable to pay according to the pro-

visions of section 3040. We think, therefore, that where stock is killed and the damage does not exceed $30, the owner may give notice and have his damage assessed, under the provisions of the code above cited; and where the overseer or track-mender fails to report the killing of the stock as required by law, the owner may proceed in the same manner, but in a separate proceeding and upon a different notice; and he cannot consolidate the two, as was done in this case. We therefore think the court did right in dismissing the case.

Judgment affirmed.